# In the United States Court of Federal Claims

No. 17-1883C
Filed April 6, 2018
NOT FOR PUBLICATION

FILED

APR - 6 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ROBERT SHAPIRO,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | *Pro Se*; RCFC 12(b)(1); RCFC 12(b)(6); Subject-Matter Jurisdiction; Failure to State A Claim; *In Forma Pauperis*. |

*Robert Shapiro*, Hamilton, NJ, plaintiff *pro se*.

*Vito S. Solitro*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

Plaintiff *pro se*, Robert Shapiro, brought this action seeking to recover monetary damages and certain veterans benefits from the government. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. IFP Mot. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

7016 3010 0000 4308 4553

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Robert Shapiro, is a United States Air Force veteran and he commenced this action on December 5, 2017.[2] *See generally* Compl. Plaintiff's complaint is difficult to follow. But, it appears that plaintiff seeks to recover monetary damages from the government in connection with certain personal injuries that he sustained prior to commencing this litigation, and unspecified veterans' benefits. *Id.* at 2.

Specifically, plaintiff alleges in the complaint that he has sustained several personal injuries, including a "head injury," a "facial injury," and an "abdomen injury." *Id.* at 2. Plaintiff also alleges that he is a "veteran/service member" and he appears to seek veterans' benefits. *Id.* at 3 (citing to a "Veteran or Service Relief Act"). As relief, plaintiff requests, among other things, $160,000.00 in monetary damages and unspecified veterans' benefits. *Id.* at 2-3; *see also* civil cover sheet (docket entry no. 1-1).

### B. Procedural Background

Plaintiff filed the complaint and moved to proceed in this matter *in forma pauperis* on December 5, 2017. *See generally* Compl.; Pl. Mot. On February 5, 2018, the government filed a motion to dismiss the complaint. *See generally* Def. Mot.

On March 5, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On March 19, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motion to dismiss.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."); the government's motion to dismiss ("Def. Mot."); plaintiff's motion to proceed *in forma pauperis* ("Pl. IFB Mot."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."). Unless otherwise noted, the facts here are undisputed.

[2] In his response and opposition to the government's motion to dismiss plaintiff states that he is a United States Air Force veteran. Pl. Resp. at 2.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, the Court may excuse ambiguities in plaintiff's complaint, but the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); *see also* RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of jurisdiction. *Id.* at 1173; RCFC 12(b)(1).

Specifically relevant to this dispute, it is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) (citation omitted) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."); see also *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); The Court is similarly without jurisdiction to consider veterans' benefits claims. *See, e.g., Hickman v. United States*, 122 Fed. Cl. 645, 650 (2015); *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd,* 557 Fed. App'x 995 (Fed. Cir. 2014); *Ferreiro v. United States*, 72 Fed. Cl. 1, 6 (2006); *Van Allen v. United States*, 66 Fed. Cl. 294, 296 (2005); *see also* 38 U.S.C. § 511(a) (providing that the Secretary of Veterans Affairs shall decide all questions of law and fact involving the provision of veterans' benefits to veterans or the dependents or survivors of veterans and that the Secretary's decision may not be reviewed by any other official or by any court subject to certain exceptions.). And so, the Court must dismiss tort claims and veterans' benefits claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### C. RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; *see also* RCFC 12(b)(6). To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against defendant. *Id.* at 679.

## IV. LEGAL ANALYSIS

### A. The Court May Not Consider Plaintiff's Tort Claim

As an initial matter, to the extent that plaintiff alleges a tort claim for personal injury in the complaint, the Court may not consider this claim under the Tucker Act. In the complaint, plaintiff alleges that he has sustained several personal injuries, including a "head injury," a "facial injury," and an "abdomen injury." Compl. at 2. Plaintiff's claim plainly sounds in tort.

It is well-established that the Tucker Act explicitly places plaintiff's tort claim beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) (citation omitted) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims

sounding in tort."). And so, the Court must dismiss plaintiff's tort claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### B. The Court May Not Consider Plaintiff's Veterans' Benefits Claims

Plaintiff's claim for veterans' benefits is also jurisdictionally precluded under the Tucker Act. In the complaint, plaintiff also alleges that he is a "veteran/service member" and he appears to seek unspecified veterans' benefits from the government. *Id.* at 2-3; *see also* civil cover sheet (docket entry no. 1-1). But, this Court has long held that it does not possess subject-matter jurisdiction to consider claims for veterans' benefits. *See, e.g., Hickman v. United States*, 122 Fed. Cl. 645, 650 (2015); *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 Fed. App'x 995 (Fed. Cir. 2014); *Ferreiro v. United States*, 72 Fed. Cl. 1, 6 (2006); *Van Allen v. United States*, 66 Fed. Cl. 294, 296 (2005); *see also* 38 U.S.C. § 511(a). And so, the Court must also dismiss plaintiff's veterans' benefits claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).[3]

### C. Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff has also filed a motion to proceed in this matter *in forma pauperis* and he seeks a waiver of the Court's filing fee. *See generally* Pl. IFP Mot. In his application to proceed *in forma pauperis*, plaintiff states that he is not employed and is unable to pay the Court's filing fee. *Id.* at 1. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis*. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

---

[3] The Court must also dismiss plaintiff's tort and veterans' benefits claims for failure to state a claim upon which relief may be granted. RCFC 12(b)(6). Plaintiff's handwritten complaint does not allege any facts to show why he is entitled to recover monetary damages or veterans' benefits from the government. *See generally* Compl.

## V. CONCLUSION

In sum, when construed in the light most favorable to plaintiff, the complaint makes clear that the Court does not possesses subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction. RCFC 12(b)(1). Because plaintiff satisfies the statutory requirements to proceed in this matter *in forma pauperis*, plaintiff may proceed in this litigation without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

3. **DISMISSES** the complaint.

The Clerk is directed to **ENTER** judgment accordingly.

No costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGSBY
Judge